```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  SAMUEL WONG
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2772
 5
 6
                IN THE UNITED STATES DISTRICT COURT FOR THE
 7
                      EASTERN DISTRICT OF CALIFORNIA
 8
 9
10  UNITED STATES OF AMERICA,    )   CR. NO. S-05-037 FCD
                                 )
11           Plaintiff,          )   STIPULATION AND ORDER TO DISMISS
                                 )   CRIMINAL INFORMATION AND VACATE
12      v.                       )   CONVICTION, AND GRANTING
                                 )   DEFENDANT'S 29 U.S.C. § 504
13  FRED GARLANGER,              )   MOTION
                                 )   Date: June 6, 2005
14           Defendant.          )   Time: 9:30 a.m.
    _____)   Court: Hon. Frank C. Damrell
15
```

It is hereby stipulated and agreed by and between plaintiff United States of America and defendant Fred Garlanger, through their respective attorneys, as follows:

   1.   The above-captioned prosecution was brought in good faith by the United States.

   2.   The United States and Garlanger believed that there was a factual basis for entering into, and the Court adopting, the written Plea Agreement that resulted in Garlanger's conviction on February 14, 2005, for violating 18 U.S.C. § 1961, interference with commerce by threats or violence.

   3.   However, subsequent to Garlanger's conviction, and as a result of the undersigned prosecutor's consultation with Department of Justice, Labor-Racketeering Section, in connection with

1

Garlanger's motion for relief under 29 U.S.C. § 504, the prosecutor learned that a factual basis does not exist that would satisfy all of the elements necessary to establish a criminal conviction against Garlanger for the charge in the Information.

    3.   By this Stipulation, the United States hereby respectfully moves the Court for an order dismissing the criminal Information previously filed in this case and vacating the Garlanger's conviction for violating 29 U.S.C. § 1951, interference with commerce by threats or violence.

    4.   Garlanger agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (November 26, 1997), to recover attorney's fees or other litigation expenses in connection with the investigation and prosecution of the charges in the above-captioned matter and of any related allegations (including without limitation any charges previously dismissed).

    5.   The United States and the United States Department of Labor ("DOL"), as the undersigned prosecutor has been authorized by Brenda Stovall, Esq., Office of the Solicitor General for DOL, to represent DOL, have no objection to Garlanger's motion for relief under 29 U.S.C. § 504.  Counsel for the other possible interested parties, namely, the Sacramento County District Attorney's Office and the California Attorney General's Office have not served the United States and/or Garlanger with any opposition that the Sacramento County District Attorney's Office and/or the California Attorney General's Office may have to Garlanger's motion.  Under these circumstances, it is appropriate for the Court to grant Garlanger's motion for an order that his service in any capacity referred to in 29 U.S.C. § 504(1)-(5) would not be contrary to the

purposes of the Labor-Management Reporting and Disclosure Act of 1959.

   6.   The June 6, 2005, hearing scheduled for judgment and sentencing, and for hearing Garlanger's motion be vacated.

```
Dated:  June 3, 2005                McGREGOR W. SCOTT
                                    United States Attorney


                               By:  /s/ Samuel Wong
                                    SAMUEL WONG
                                    Assistant United States Attorney


Dated:  June 3, 2005                /s/ Peter Kmeto
                                    PETER KMETO
                                    Attorney for Defendant
                                    Fred Garlanger
```

_____

## ORDER

   The Court having received, read, and considered the stipulation of the parties, and good cause appearing therefrom,

   The Court hereby orders that the criminal Information previously filed in this case is dismissed and Garlanger's conviction for violating 29 U.S.C. § 1951, interference with commerce by threats or violence is vacated.

   The Court further orders that Garlanger's motion for an order that his service in any capacity referred to in 29 U.S.C. § 504(1)-(5) would not be contrary to the purposes of the Labor-Management Reporting and Disclosure Act of 1959 is hereby granted.

///

///

///

3

The Court hereby adopts the remaining agreements in the parties' stipulation as its findings and order.

It is so ORDERED.

Dated:  June 6, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL JR.
United States District Judge

4